# Chief Judge

Thursday, October 20, 2022     12:40 PM

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Addisa Jahrusalem Francis aka
Jacqueline Dennis,
       Petitioner

Case No. 8:22cv02009-SDM-SPF

United States of America,
       Defendant.

**COMPLAINT FOR A CIVIL CASE SUED FOR BREACH OF CONTRACT MANDATE, AND RECUSAL JUDICIAL MISCONDUCT**
**(28 U.S.C. § 1332; Diversity of Citizenship)**

   Comes now, Addisa Jahrusalem Francis aka Jacqueline Dennis, pro se, and files thIs complaint for a civil case sued for breach of contract, and recusal judicial misconduct and states:

   Petitoners filed a 2241 Habeas Corpus and a Wiretap as Evidence inside the Middle District of Florida, Tampa Division, on August 31, 2022 and September 1, 2022, for illegal incarceration mandate with damages. The petition was first give to one judge and then requested transferred to Steven D. Merryday, U.S. District Court Judge is currently presiding.

## Judge

**(a) *Discretionary recusal.*** A Judge may recuse themself from a proceeding whenever the Judge deems it appropriate.

**(b) *Mandatory recusal.*** A Judge shall recuse themself under circumstances that would require disqualification of a Federal judge under Canon 3(C) of the Code of Conduct for United States Judges, except that the required recusal may be set aside under the conditions specified by Canon 3(D).

**(c) *Request for recusal.*** Any party may request that the Judge, at any time following the Judge's designation and before the filing of a decision, be recused under paragraph (a) or (b) of this section or both by filing with the Judge, promptly upon the discovery of the alleged facts, an affidavit setting forth in detail the matters alleged to constitute grounds for recusal.

**(d) *Ruling on request.*** If the Judge finds that a request for recusal has been filed with due diligence and that the material filed in support of the request establishes that recusal either is appropriate under paragraph (a) of this section or is required under paragraph (b) of this section, the Judge shall recuse themself from the proceeding. If the Judge denies a

request for recusal, the Judge shall issue a ruling on the record, stating the grounds for denying the request, and shall proceed with the hearing, or, if the hearing has closed, proceed with the issuance of a decision under the provisions of § 2200.90.

84 FR 14558                                      87 FR 8949

From <https://www.law.cornell.edu/cfr/text/29/2200.68>

Recusal of the Judge. | CFR - LII / Legal Information Institute
www.law.cornell.edu/cfr/text/29/2200.68

From <https://www.bing.com/search?q=federal%20judge%20recuse%20test&cvid=72246982efea44498d1aebeec5545ee9&form=WSBSTK>

    The duties and powers of a Unites States District Court Judge are far reaching. However, Judge Merryday has tried and sentenced Petitioners as well as heard and denied each of Petitioners post conviction cases inside the Middle District and that without any prosecutorial input. When the prosecutor did reply in the 11th Circuit Court of Appeals the prosecutor seized the opportunity to waive prosecution by filing an express written waiver of the United States' souvereign immunity. Judge Steven D. Merryday should have recused himself in that Judge Merryday has never shown Petitioners any conduct nor inference of fair and impartial hearings. See the formal mandate issued for which Judge Steven D. Merryday, should have disqualified himself as being egregious/biased to enforce.

**29 CFR § 2200.67 - Duties and powers of Judges.**

Judge

Judge
Judge                         Judge
Judge

§ 2200.65

§ 2200.52(d) and (e)

[Judge] [pleadings]

[5 U.S.C. 557] [Administrative Procedure Act]

[84 FR 14558]   [84 FR 45654]

From <https://www.law.cornell.edu/cfr/text/29/2200.67>

"No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it." COOPER v. AARON, 358 U.S. 1, 78 S. Ct. 1401 (1958). See also the U.S. Supreme Court holding in COHENS v VIRGINIA 19 U.S.264, 404, 5 L.Ed. 257, 6 Wheat. 264 (1821).

   Because there was no clear remedy inside federal law for issuance of express written waivers, it took petitioners all these years to attack and overturn our wrongful convictions with damages. The formal mandate issued in our cases brings about another circumstance: **Enforcing** the mandate.

   Steven D. Merryday, U.S. District Court Judge, who now has held onto our petition for writ of habeas corpus 2241, since Judge Merryday took possession of our cases inside the middle district of FL, Tampa Division, again. Petitioners also filed for informa pauperis as well as for access to the court use of pacer electronic filing has not been decided at this time.

   On September 20, 2022, over a month ago, our 2241 habeas was docketed only after petitioner paid the filing fees. Again, over a month ago. Steven D. Merryday, U.S. District Court Judge, refuses to rule on our petition which was written because petitioners are continued incarcerated illegally on U.S. Supervised Release; petitioner Henry Francis is continued a victim

inside U.S. Penitentiary I, Coleman, FL. Both petitioners having serving over 29 years each illegal incarcerations.

    Judicial misconduct breaks down the very fibre of what is necessary for a functional judiciary- citizens who believe their judges are fair and impartial. The judiciary cannot exist without the trust and confidence of the people. Judges must, therefore, be accountable to legal and ethical standards. In holding them accountable for their behaviour, judicial conduct review must be performed without invading the independence of judicial decision-making. This task can be daunting.

    More than any other branch of government, the judiciary is built on a foundation of public faith-judges do not command armies or police forces, they do not have the power of the purse to fund initiatives and they do not pass legislation. Instead, they make rulings on the law. Rulings that the people must believe came from competent, lawful and independent judicial officers.

    Judicial misconduct comes in many forms and ethical standards address problematic actions, omissions and relationships that deplete public confidence. Common complaints of ethical misconduct include improper demeanour; failure to properly disqualify when the judge has a conflict of interest; engaging in *ex parte* communication and failure to execute their judicial duties in a timely fashion. Behaviour outside of the courtroom can also be at issue. Judicial conduct oversight should not attempt to regulate purely personal aspects of a judge's life. However, a judge can commit misconduct by engaging in personal behaviour that calls their judicial integrity into question. This is true even if the same behaviour would merely be considered unwise for the average citizen. As the saying goes, the robe magnifies the conduct. Obvious examples are violations of criminal law, sexual misconduct with staff/attorneys/parties, joining discriminatory organizations and using the judicial position to enhance a private interest.

    Many codes of judicial conduct also include general language that urges judges to preserve the integrity of the judiciary and avoid even the appearance of impropriety. For example, the preamble to the Arkansas Code of Judicial Conduct states that, "judges should maintain the dignity of the office at all times and avoid both impropriety and the appearance of impropriety in their professional and personal lives."

    At what point is a judge's ruling so far afield of precedent and legal code or such an egregious violation of fundamental rights that it appears the judge is acting with impunity towards the law? Generally, the decisions of a judge should be left for judicial review, not for critique by a conduct commission. However, incidents where people are jailed without due process, judges inventing improper remedies for cases, or a breakdown in the rule of law can rise to the level of judicial misconduct. Regulating that type of behaviour without violating separation of powers or decision-making independence becomes a walk on the edge of knife.

    Implementing a meaningful way for the public to be protected from judicial misconduct is vital-- there has to be review. Furthermore, it must be done with minimal risk of unlawful intervention by forces trying to prevent unpopular, but correct, rulings on the law. Of course, a proper system to protect the judges' rights to contest ethical charges must be in place. If there is a finding that a judge violated judicial ethics standards, then determining a sanction or remedy would be the next step. A well-equipped conduct commission must have appropriate

**remedies** available. Public discipline serves the dual purpose of correcting the judge in question, as well as educating others in the judiciary. Conduct commissions typically have the authority to publish warnings or reprimands for unethical behaviour. Remedial measures may be ordered requiring, by way of example, mentoring, monitoring or additional education. The rare and serious sanctions of suspension or removal from office are reserved for only the most egregious instances of misconduct. These are the fabric of Judge Steven D. Merryday judgements which Petitioners has experienced since November 29, 1993.

It behoves the judiciary to support measures that hold it accountable. While the majority of judges serve with honour, ethical missteps should be corrected, and major breaches of trust should be acknowledged. The judiciary should be willing to help develop ethical standards and be an active part of any **enforcement** mechanism.

To quote former United States President Theodore Roosevelt: "No man is above the law and no man is below it; nor do we ask any man's permission when we ask him to obey it. Obedience to the law is demanded as a right, not asked as a favor."  The judges who administer justice in our countries must be seen as ethical and subject to meaningful correction when it is necessary. Nothing less than the rule of law is at stake.

From <https://www.unodc.org/dohadeclaration/en/news/2019/08/judicial-misconduct-and-public-confidence-in-the-rule-of-law.html>

Petitioners continue denied the right to remedy, per the formal mandate issued, March 2022. See below:

legc.office@gov.ns.ca

From <https://nslegislature.ca/sites/default/files/legc/statutes/tortfeas.htm>

    Petitioners need your legal assistance to break this barrier against petitioners life, liberty and the pursuit of happiness. In addition, petitioners holding formal issued mandate requires boundaries to avoid the similar injustices that petitioners bored and sued the United States for waiver laws with damages for wrongful convictions and not be tolerated with the formal mandate issued. See all exhibits 1-4.

    WHEREFORE, Petitioners require the enforcement of the formal mandate issued and including releases of Henry Francis from United States Maximum Security Penitinuary at Coleman USP1, and petitioner Addisa Jahrusalem Francis aka Jacqueline Dennis, held by Supervised Release, United States Probation Office, Ms. Saundra Madison, and compel remedy to issue of the formal MANDATE in light of the above.

By proof of perjury this October 28, 2022.

                      Thank you.

                      /s/Addisa Jahrusalem Francis

aka Jacqueline Dennis

**Exhibit 1**
**MANDATE**

United States Court of Appeals for the Federal Circuit _____ ADDISA JAHRUSALEM FRANCIS, aka Jacqueline Dennis, Plaintiff-Appellant v. UNITED STATES, Defendant-Appellee _____ 2022-1188 _____ Appeal from the United States Court of Federal Claims in No. 1:20-cv-02081-MMS, Senior Judge Margaret M. Sweeney. _____ MANDATE _____ In accordance with the judgment of this Court, entered January 26, 2022, and pursuant to Rule 41 of the Federal Rules of Appellate Procedure, the formal mandate is hereby issued. FOR THE COURT March 21, 2022 Date /s/ Peter R. Marksteiner Peter R. Marksteiner Clerk of Court.

DEFINITIONS

"In accordance with " as "agreement" or "conformance". X "in accordance with" as "agreement" or "conformance." X in accordance with Y means X must agree or conform with Y.

"Any dispute must be resolved by arbitration according to the procedures stated in this section 12.10." Please see Garner's Modern American Usage.

Additionally, Rule 41 of the Appeals Courts states: "Unless the Court issues a formal mandate  . . ." .  Petitioners have not received any notice from the U.S. Court of Federal Claims resolving this issue.

Petitioners phoned the U.S. Court of Federal Claims and spoke with Mr. Wymbs on April 5, 2022, concerning the MANDATE. Mr. Wymbs told Petitioners that the MANDATE had been docketed on March 21, 2022 and closed Petitioners case.

Petitioners also on April 5, 2022 phoned the U.S. Court of Appeals for the Federal Circuit. Cristina stated, that the U.S. Appeals Court for Federal Circuit has no jurisdiction over Petitioners case, and that Petitioners case was closed and remanded to U.S. Court of Federal Claims.

Margaret M. Sweeney, Senior Judge U.S. Court of Federal Claims as well as both clerks do not conform to the language of the Panel that X (the judgement and  Rule 41) "in accordance with" Y (the formal issuance MANDATE) means: That X must agree or conform with Y, and any dispute must be resolved by arbitration according to the procedures.

**EXHIBIT 2**

In the United States Court of Federal Claims No. 20-2081C (Filed: July 28, 2021) ************************************* ADDISA JAHRUSALEM FRANCIS, A/K/A JACQUELINE DENNIS, Plaintiff, v. THE UNITED STATES, Defendant. ************************************* * * * * * * * * * Pro Se Claim; Collateral Attack on Criminal Court Judgment; RCFC 12(b)(1) Addisa Jahrusalem Francis, Tampa, FL, pro se. Daniel Hoffman, United States Department of Justice, Washington, DC, for defendant. OPINION

AND ORDER SWEENEY, Senior Judge Plaintiff Addisa Jahrusalem Francis, also known as Jacqueline Dennis, is proceeding pro se in this matter. In her complaint she specifically challenges her criminal conviction and that of her husband, and more broadly demands reparations from the United States. Ms. Francis also applies to proceed in forma pauperis. Defendant moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss Ms. Francis's complaint for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court grants Ms. Francis's application to proceed in forma pauperis and also grants defendant's motion to dismiss. I. BACKGROUND Ms. Francis is a frequent litigant in federal courts.1 See, e.g., Dennis v. Van Buren, 187 1 The court derives much of this background information from the complaint, but also relies on public records such as federal court decisions. See, e.g., Indium Corp. of Am. v. Semi‐Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985) (stating that when "deciding . . . a Rule 12(b)(1) motion, the court can consider, as it did in this case, evidentiary matters outside the pleadings"); Floyd v. United States, 125 Fed. Cl. 183, 190 n.3 (2016) (noting that Federal Rule of Evidence 201 permits the court to take judicial notice of matters of public record). The court makes no Case 1:20-cv-02081-MMS Document 24 Filed 07/28/21 Page 1 of 7 -2- F. App'x 416 (5th Cir. 2006) (affirming the district court's rejection of Ms. Francis's "challenge[ to] the failure of the [United States] Supreme Court to order her immediate release [from incarceration] on the basis of a purported waiver submitted by the Government in certiorari proceedings"); United States v. Dennis, 189 F.3d 466 (5th Cir. 1999) (table) (denying Ms. Francis's appeal of the district court's ruling that she be committed to psychiatric treatment while incarcerated); United States v. Francis, 131 F.3d 1452 (11th Cir. 1997) (affirming the criminal convictions of Ms. Francis and her husband). In the complaint now before the court, Ms. Francis's allegations of fact largely concern her criminal conviction.2 See Compl. 1 (stating that her conviction was wrongful and "cost [her] 365 months" of incarceration). She was convicted "for her participation in a conspiracy to kill a federal official and for her use of interstate commerce facilities in the commission of a murder for hire." Francis, 189 F.3d at 466. After having served her prison sentence, Ms. Francis is now on supervised release. Compl. 2. Ms. Francis recounts a litany of wrongs in her complaint. Her expansive analysis of the injustices she and her family have allegedly suffered includes a discussion of philosophers ranging from Aristotle to John Rawls. Id. at 5-13. She also addresses critical race theory, id. at 13-19, and expresses the view that this litigation exposes "the United States['] genocidal legal practices against nonwhites," id. at 19. Although Ms. Francis's claims resist a succinct summary, it is clear she seeks monetary damages "in excess of $100,000." Id. at 20. She also seeks exoneration. Id. Her claim, at bottom, is a request that this court overturn her criminal conviction and grant her monetary compensation for what she alleges was a wrongful conviction. See id. (noting that she has been "barred from redress in [the] United States District Court" and commenting that "the majority of judges do not like ruling against one of their own"); Pl.'s Appl. Proceed In Forma Pauperis 1 ("In this case my complaint is centered around [a district court judge who] recently denied me Coram Nobis relief by barring me from future litigation i[n] my pursuit for vindication from 27 years illegal incarceration . . . ."). Ms. Francis filed a number of dispositive motions during the course of this litigation, including a motion for summary judgment and a motion for a preliminary injunction. The first was stayed because defendant had not yet responded to the complaint and the others were stayed because the government's motion to dismiss includes a jurisdictional challenge that requires resolution in the first instance. Ms. Francis also responded to defendant's motion to dismiss and findings of fact in this opinion. 2 Henry Francis is not a party to this suit; thus, Ms. Francis lacks standing to assert claims related to his incarceration. See Saladino v. United States, 63 Fed. Cl. 754, 758 (2005) (noting that a pro se plaintiff has no standing to assert the

claims of nonparties in this court). For this reason the court will not discuss Ms. Francis's claims that focus on her husband's criminal conviction and subsequent incarceration. Moreover, even if Mr. Francis were a plaintiff in this suit, there is no jurisdiction in this court for challenges to criminal convictions, as discussed in Section III.A of this opinion. Case 1:20-cv-02081-MMS Document 24 Filed 07/28/21 Page 2 of 7 -3- the government then filed a reply. The court deems oral argument unnecessary; thus, defendant's motion is ripe for adjudication. II. STANDARDS OF REVIEW A. Pro Se Plaintiffs Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from her burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). B. Motion to Dismiss Under RCFC 12(b)(1) Whether the court has subject matter jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). When considering whether to dismiss a complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), the court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Case 1:20-cv-02081-MMS Document 24 Filed 07/28/21 Page 3 of 7 -4- Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). To determine whether it has jurisdiction, the court discerns the true nature of the claims in the complaint and is not constrained by the plaintiff's characterization of those claims. Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim. III. DISCUSSION A. Impermissible Collateral Attack on Plaintiff's Criminal Conviction Ms. Francis presents in her complaint a collateral attack on the criminal proceedings conducted by a federal district court and on that court's subsequent rejection of Ms. Francis's repeated attempts to overturn her conviction. The Court of Federal Claims, however, lacks jurisdiction over challenges to criminal proceedings in a district court or disagreements with those courts' decisions. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal

Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"); Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) (holding that the court lacks jurisdiction "to the extent that plaintiff is challenging his criminal trial, conviction, and imprisonment"); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008) (holding that the Court of Federal Claims lacks jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole"). 3 B. Absence of Jurisdictional Prerequisite for Plaintiff's Wrongful Conviction Claim Subsumed within Ms. Francis's broadside attacking the criminal proceedings against her are several directly and indirectly related claims that the court will address for the sake of completeness. First, Ms. Francis invokes 28 U.S.C. § 1495, the statute that permits this court to consider monetary claims founded on convictions that have been deemed wrongful. Compl. 1. Pursuant to § 1495, the court can entertain "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." The Court of Federal Claims can only adjudicate a claim on the aforementioned grounds, however, "after a[nother] court has reversed a plaintiff's conviction on the grounds of innocence or . . . the President of the United States has pardoned the plaintiff." Phang v. United States, 87 Fed. Cl. 321, 330 (2009), aff'd, 388 F. App'x 961 (Fed. Cir. 2010); see also 28 U.S.C. § 2513 (setting forth the jurisdictional prerequisites for a wrongful conviction monetary claim under § 1495); Grayson v. United States, 141 Ct. Cl. 866, 869 (1958) (per curiam). Ms. Francis does not allege that her conviction has 3 Transfer of the complaint to another federal court would not be in the interest of justice, 28 U.S.C. § 1631, because, to the court's knowledge, there is no forum for Ms. Francis's collateral attack on her criminal conviction. Case 1:20-cv-02081-MMS Document 24 Filed 07/28/21 Page 4 of 7 -5- been reversed or that she has been pardoned. Thus, the court cannot exercise jurisdiction over any wrongful conviction claim in Ms. Francis's complaint.4 C. No Money-Mandating Source of Law to Support Jurisdiction for Plaintiff's Claims Ms. Francis further refers, in a cursory manner, to various legal rights that have allegedly been violated by the district court in particular, and the United States in general. The court has reviewed these allegations and finds therein no source of law that supports Tucker Act jurisdiction for this matter. For example, Ms. Francis repeatedly alleges that the "RICO Act" has been violated. Compl. 1-2, 19-21. As with other criminal statutes, however, claims based on violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, are not within this court's jurisdiction. E.g., Matthews v. United States, 72 Fed. Cl. 274, 282 (2006). Ms. Francis also claims that her rights under the Americans with Disabilities Act ("ADA") have been violated. Compl. 1-2, 20. ADA claims cannot be heard by this court. E.g., Gray v. United States, 69 Fed. Cl. 95, 101-02 (2005). Nor is this court the proper forum to address hate crimes or civil rights violations. See, e.g., Khalil v. United States, 133 Fed. Cl. 390, 392 (2017) (stating that the Court of Federal Claims lacks jurisdiction over hate crimes); Moore v. United States, 94 Fed. Cl. 456, 463 (2010) (stating that the Court of Federal Claims lacks jurisdiction over civil rights violations), aff'd, 419 F. App'x 1001 (Fed. Cir. 2011). Finally, as to Ms. Francis's allegation that her right to equal protection under the law was denied, Compl. 2, that constitutional guarantee is not money-mandating for Tucker Act purposes. See, e.g., Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the equal protection clause of the Fifth Amendment to the United States Constitution does "not trigger Tucker Act jurisdiction in the courts"). In sum, the sources of law relied upon by Ms. Francis fail to support jurisdiction in this court for her claims. 5 4 Wrongful conviction claims lacking allegations of a reversed conviction or a pardon have been dismissed under RCFC 12(b)(1) and RCFC 12(b)(6). Compare Winters v. United States, 140 Fed. Cl. 585, 588-90 (2018) (dismissing claim under RCFC 12(b)(6)), with Abu-Shawish v.

United States, 120 Fed. Cl. 812, 814 (2015) (dismissing claim under RCFC 12(b)(1)). This court follows the binding precedent of the United States Court of Claims in Grayson, 141 Ct. Cl. at 869, but notes that dismissal of Ms. Francis's wrongful conviction claim would also be appropriate under RCFC 12(b)(6), for failure to state a claim upon which relief can be granted, because she has not alleged the existence of a reversed conviction or a pardon, see Winters, 140 Fed. Cl. at 590 (dismissing wrongful conviction claim under RCFC 12(b)(6) because the requirements of § 2513 were not met). 5 In her response brief, Ms. Francis contends that counsel for defendant cannot appear in this case due to "waiver," although her arguments regarding waiver are not clear. Pl.'s Resp. 1-2. She also asserts that the government's motion to dismiss is untimely. Id. at 1. Neither of these contentions is correct. Further, the court would be obliged to dismiss this suit sua sponte for lack of jurisdiction even if defendant's motion were untimely or the doctrine of waiver was applicable here. See, e.g., Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951) ("The Case 1:20-cv-02081-MMS Document 24 Filed 07/28/21 Page 5 of 7 -6- IV. APPLICATION TO PROCEED IN FORMA PAUPERIS As noted above, Ms. Francis filed, concurrent with her complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.6 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Ms. Francis has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a). The court therefore grants her application to proceed in forma pauperis. V. CONCLUSION There is no jurisdiction in this court for the claims stated by Ms. Francis in her complaint. Consequently, the court GRANTS defendant's motion to dismiss and DISMISSES WITHOUT PREJUDICE the complaint for lack of subject matter jurisdiction. The following motions filed by Ms. Francis are DENIED as moot: (1) Motion for Summary Judgment; (2) Motion for Preliminary Injunction; (3) Motion for Judicial Estoppel, Laches and Judgments [on] Motion[s] for Petitioner's Interlocutory Injunction, Preliminary Injunction and Summary Judgment; (4) Motion for Constitutional Right to Remedy; and (5) Motion for Clarity of Waiver Law. The court GRANTS Ms. Francis's application to proceed in forma pauperis. No costs are awarded. The clerk is directed to enter judgment accordingly. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." (footnote omitted)); S. Cal. Fed. Sav. & Loan Ass'n v. United States, 422 F.3d 1319, 1328 (Fed. Cir. 2005) (stating that "questions of subject matter jurisdiction . . . cannot be conceded . . . by a party"); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."); Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."). 6 While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews, 72 Fed. Cl. at 278 (stating that this court "has authority to waive the prepayment of filing fees and grant a motion to proceed in forma pauperis"). Case 1:20-cv-02081-MMS Document 24 Filed 07/28/21 Page 6 of 7 -7- order would not be taken in good faith because, as alleged, Ms. Francis's claims are clearly beyond the subject matter jurisdiction of this court. IT IS SO ORDERED. MARGARET M. SWEENEY Senior Judge

In the United States Court of Federal Claims No. 20-2081C (Filed: July 28, 2021) ADDISA JAHRUSALEM FRANCIS, A/K/A JACQUELINE DENNIS Plaintiff v JUDGMENT THE UNITED STATES

Defendant Pursuant to the court's Opinion And Order, filed July 28, 2021, granting defendant's motion to dismiss, IT IS ORDERED AND ADJUDGED this date, judgment entered, pursuant to Rule 58, that plaintiff's complaint is dismissed without prejudice for lack of subject-matter jurisdiction. No costs are awarded. Lisa L. Reyes Clerk of Court By: Deputy Clerk NOTE: As to appeal to the United States Court of Appeals for the Federal Circuit, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs. Filing fee is $505.00

**Exhibit 3**

United States Court of Appeals for the Federal Circuit _____ In re: ADDISA JAHRUSALEM FRANCIS, aka Jacqueline Dennis, Petitioner _____ 2021-184 _____ On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:20-cv-02081-MMS, Senior Judge Margaret M. Sweeney. _____ ON PETITION _____ PER CURIAM. O R D E R Addisa Jahrusalem Francis, aka Jacqueline Dennis, petitions for a writ of mandamus for an "All Writs remedy to complaint." ECF No. 2 at 1. We consider whether Ms. Francis' petition should be construed as a notice of appeal. Ms. Francis' operative complaint at the United States Court of Federal Claims appears to raise, among other things, challenges to her and her husband's criminal convictions and demands for reparations from the United States. On July 28, 2021, the Court of Federal Claims granted the government's motion to dismiss for lack of Case 1:20-cv-02081-MMS Document 27 Filed 11/23/21 Page 1 of 2 2 IN RE: FRANCIS jurisdiction and entered judgment. This petition followed on August 26, 2021. In order to appeal a judgment of the United States Court of Federal Claims, the party seeking appeal must file notice that sets forth (1) the party taking the appeal, (2) the judgment, order, or part thereof being appealed, and (3) the name of the court to which the appeal is taken. Fed. R. App. P. 3(c). Ms. Francis' petition meets these requirements. In addition, her petition is timely if treated as a notice of appeal. See Fed. R. App. P. 4(a)(1)(B). We conclude that the petition should be construed as a timely notice of appeal, and thus mandamus relief is not appropriate. See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 309 (1989) (holding that a party seeking a writ bears the burden of proving that it has no other means of attaining the relief, such as by appeal); Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383 (1953) (stating "whatever may be done without the writ may not be done with it"). Accordingly, IT IS ORDERED THAT: The petition is denied because the matter is treated as a timely notice of appeal consistent with Rule 4(d) of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to process the petition as such a notice. November 23, 2021 Date ==FOR THE COURT /s/ Peter R. Marksteiner Peter R. Marksteiner Clerk of Court==

==Exhibit 4==

- Proposed changes to the Code of Conduct for U.S. Judges

- Code of Conduct for U.S. Judges

  Introduction
  Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary
  Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in All

Activities
Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently
Canon 4: A Judge May Engage in Extrajudicial Activities That are Consistent With the Obligations of Judicial Office
Canon 5: A Judge Should Refrain From Political Activity
Compliance with the Code of Conduct
Applicable Date of Compliance

JCUS-APR 73, pp. 9-11

From <https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges>