UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    CASE NO. 8:22-cv-2009-SDM-SPF
                                                                  8:93-cr-304-SDM-SPF

JACQUELINE DENNIS,
   aka Addisa Jahrusalem Francis
_____/


## ORDER

Jacqueline Dennis applies (Docs. 1 and 3) for a writ of habeas corpus and requests the dismissal of both her conviction and the term of supervised release. Dennis moves (Docs. 2 and 4) for leave to proceed *in forma pauperis*, but because she paid the required filing fee, the motions are moot.

On December 15, 1994, Dennis was convicted (Docs. 191 and 348 in the criminal case) of one count under 18 U.S.C. § 1117 for conspiracy to murder a federal official and six counts under 18 U.S.C. § 1958 for using the facilities of interstate commerce in a scheme of murder-for-hire. She was sentenced to imprisonment for 365 months and supervised release for five years. Dennis was released from the Bureau of Prisons on January 28, 2020, and now serves her term of supervised release.

**Motion for Recusal:**

Before addressing this action, the district court must first address Dennis's motion (Doc. 8) for recusal.  Disqualification is governed by 28 U.S.C. § 455, which requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The standard for determining disqualification is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted).  "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."  *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921).  *Accord Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature.  As a result, except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal.") (citations omitted); *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."); *Miller v. Byers*, 833 F. App'x 225, 228 (11th Cir. 2020) ("J.W. Miller does not explain what was 'hateful' or 'biased' about the judge's ruling other than the fact that the judge ruled against him and his son.  But an adverse decision, in and of itself, is not grounds for recusal.") (citing *Bolin*).

Additionally, Dennis's naming this district judge as a defendant is inconsequential in determining whether recusal is warranted.  Courts throughout the country have held that a party cannot "judge shop" by creating the basis on which the party seeks disqualification, such as the party's including the judge as a defendant.  *See, e.g., Sullivan v. Conway*, 157 F.3d 1092, 1096 (11th Cir. 1998) ("It is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to his case.  That is arrant judge-shopping.") (italics original); *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) ("Defendant contends the judge should have recused himself and not have presided over the sentencing because of bias due to the fact that defendant had brought a civil suit against him. . . .  It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks."); and *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.").

Dennis seeks disqualification based on the district judge's rulings in the underlying criminal and associated civil actions, which, under *Grinnell Corp.* and *Bolin*, is no basis for disqualification.  The motion (Doc. 8) for recusal lacks merit.

**Review of Pleading:**

Dennis captions her pleadings as "Writ of Habeas Corpus and Defendant Dennis' Motion to Dismiss the Illegal Supervised Release" (Doc. 1) and "Writ of

Habeas Corpus and Wiretap Violations and Defendant Dennis' Motion to Dismiss the Illegal Supervised Release" (Doc. 3). Citing no statutory authority, Dennis's pleading is construed as an application under 28 U.S.C. § 2241 for the writ of habeas corpus.

Generally, a challenge to a federal sentence must proceed under 28 U.S.C. § 2255. However, in 8:99-cv-674-SDM-MAP, Dennis challenged her conviction and sentence in an earlier motion to vacate under Section 2255, which motion was denied on the merits. Later, in 8:16-cv-1657-SDM-TGW Dennis's second or successive motion under Section 2255 was dismissed for lack of authorization from the Eleventh Circuit Court of Appeals.[1*]

Apparently, Dennis attempts to circumvent the preclusion against a second or successive motion by pursuing relief under Section 2241. Section 2255 contains a "savings clause" that permits relief under Section 2241 if "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." As *Antonelli v. Warden, U.S.P., Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008), explains, the "savings clause" is inapplicable:

> It is also clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so. 28 U.S.C. § 2255(e); *see also Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). Accordingly, it is uncontroversial that federal prisoners cannot avoid the procedural restrictions on § 2255 motions by changing the caption on their petition to § 2241. *Cf. Hawk–Sawyer*, 405 F.3d at 945. A prisoner in custody pursuant

---

[*] In 2006 the circuit court denied Dennis's application for leave to file a second or successive motion to vacate. (Doc. 465 in the criminal case)

to a federal court judgment may proceed under § 2241 only
when he raises claims outside the scope of § 2255(a), that is,
claims concerning execution of his sentence.

Dennis contends that both the discovery of new evidence and recent cases support her again challenging her conviction and sentence.  Under Section 2255(h), an applicant may obtain permission to file a second or successive motion to vacate if the new motion is based on either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

But as stated above, Dennis must obtain the required permission from the circuit court before proceeding in the district court with another motion under Section 2255. Moreover, Dennis cannot proceed under Section 2241 because her claims are within the scope of Section 2255 and because an avenue exists under Section 2255(h) for presenting a meritorious claim in a second or successive motion to vacate. Consequently, Dennis cannot proceed with the present action and the dismissal of this action renders moot her motions to access pacer, for summary judgment, for default judgment, and for a hearing.  (Docs. 7 and 9–11)

Dennis's motion for recusal (Doc. 8) and application (Doc. 1) for the writ of habeas corpus, construed as an application for the writ of habeas corpus under 28 U.S.C. § 2241, are **DENIED**.  The motions for leave to proceed *in forma pauperis*

(Docs. 2 and 4) are **DENIED AS MOOT** because Dennis paid the required filing fee.  The remaining motions (Docs. 7 and 9–11) are **DENIED AS MOOT**.  The clerk must enter a judgment against Dennis and close this case.

ORDERED in Tampa, Florida, on December 13, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE